**GIBSON WINE CO., Inc. v. SNYDER, Secretary of the Treasury, et al.**

No. 2688–50.

United States District Court
District of Columbia.

Dec. 14, 1950.

Frank M. Ludwick, John E. O'Neill, Washington, D. C., for plaintiff.

Herbert A. Bergson, Herbert Borkland, Wallace A. Russell, John J. Donnelly, Jr., Victor Altman and Stafford Grady all of Washington, D. C., for defendants.

Manuel Davis and Theodore Jaffe, New York City, for intervenors.

MATTHEWS, District Judge.

The plaintiff corporation has been making wine from boysenberries and labeling it blackberry wine. Under the Federal Alcohol Administration Act it is unlawful to sell wine in interstate commerce unless labeled according to regulations duly promulgated by the Deputy Commissioner of Internal Revenue of the United States.[1] This case arises under such a regulation reading in part:

Fruit wine derived wholly (except for sugar, water, or added alcohol) from one kind of fruit shall be designated by the word "wine" qualified by the name of such fruit, e. g. "Peach wine", "blackberry wine."[2] For about ten months in 1949 the Deputy Commissioner interpreted this regulation as permitting boysenberry wine to be labeled blackberry wine on the ground that horticulturally a boysenberry is a variety of blackberry. Previously for some years he had entertained the contrary view that boysenberry wine must be labeled boysenberry. On November 30, 1949, he reverted to his original view and interpreted

---

1. 27 U.S.C.A. §§ 201 to 211.

2. Regulations No. 4 relating to Labeling and Advertising of wine, Sec. 21, Class 5 (e).

the regulation to mean that boysenberry wine must be labeled boysenberry, not blackberry. The plaintiff contends that the interpretation of November 30, 1949, amounts to a change in the regulation so as to require a labeling by specie instead of by kind and that this constitutes denial of due process to plaintiff since no public notice of such change and no opportunity for a hearing thereon were given as required by the Act.[3] Plaintiff seeks injunctive relief.

Blackberries are a widely known fruit. Boysenberries are not. They were first introduced to the public in 1934. A boysenberry has been defined as "a hybrid plant obtained by crossing the blackberry, raspberry and logenberry, also its edible fruit, resembling the raspberry in taste." The scientific classification of the boysenberry in the blackberry family instead of the raspberry family is based on the fact that the core remains in the berry when it is picked instead of remaining on the vine. Blackberries differ from boysenberries in physical appearance and chemical composition. The boysenberry is much larger than the blackberry. About 60 average boysenberries fill a basket as compared to 150 of the largest cultivated blackberries. There is more acid, sugar, pectin and solid content in the boysenberry than in the blackberry. The predominating acid in boysenberries is citric while in blackberries it is isocitric acid. The boysenberries are red to reddish black in color and their juice has more coloring than blackberry juice. Boysenberry wine is more tart than blackberry wine, and has a raspberry flavor.

■ As a general rule courts will construe the details of an Act in conformity with its dominating general purpose, will read text in the light of context and will interpret the text so far as the meaning of the words fairly permits so as to carry out in particular cases the generally expressed legislative policy. Securities and Exchange Commission v. C. M. Joiner Leasing Corporation, 320 U.S. 344, 350, 64 S.Ct. 120, 88 L.Ed. 88. The Federal Alcohol Administration Act and the Regulations relating to labeling and advertising of wine are clearly for the protection of the consumer. Their purpose is to enable purchasers to buy wine for what it really is. The Act charges the Deputy Commissioner with the enforcement of the labeling regulations so as to prevent "deception of the consumer" and to prevent statements "likely to mislead the consumer" as well as to "provide the consumer with adequate information as to the identity and quality" of wine.[4]

■ From a scientific viewpoint, a boysenberry is a member of the blackberry family just as a leopard belongs to the cat family. But in the common language of the people, boysenberries and blackberries are different kinds of fruit just as cats and leopards are different kinds of animals. Boysenberries either in their natural or canned or frozen state are sold as boysenberries, and the term blackberries is not applied to them. Likewise blackberries are sold as blackberries. Blackberries are native to nearly all sections of the country and blackberry wine is one of the best known household wines. The exhibits in this case include a sample of blackberry wine and one of boysenberry wine. There are differences in appearance and taste. When a consumer buys wine labeled blackberry he expects and is entitled to get blackberry wine. He has a right to proper labeling. It has been held that the consumer is entitled to protection against a substitute product even when it is equally wholesome or even better than the original product. United States v. Ninety-five Barrels, More or Less, Alleged Apple Cider Vinegar, 265 U.S. 438, 443, 44 S.Ct. 529, 68 L.Ed. 1094; Federal Security Administrator v. Quaker Oats Co., 318 U.S. 218, 63 S.Ct. 589, 87 L.Ed. 724.

■ The Court finds that the Deputy Commissioner's interpretation of November 30, 1949, is in accord with the Act and the regulation. The preliminary injunction issued herein will be dissolved and the permanent injunction sought will be denied.

3. 27 U.S.C.A. § 205 (f).

4. 27 U.S.C.A. § 205 (f).