OPINION OF THE COURT
Richard W. Wallach, J.
This is a CPLR article 78 application by the Hawkeye Distilling Co. for a judgment annulling a determination of respondent New York State Liquor Authority (SLA) denying to Hawkeye brand label registration for its alcoholic beverage known as M*A*S*H vodka. The determination is annulled and the court grants judgment in favor of petitioner.
Doubtless to bask in the afterglow left by the 4077th Mobile Army Surgical Hospital as it strikes its tents and steals away from the Korean and golden television hills, petitioner Hawkeye Distilling Co. obtained a license from Twentieth Century-Fox Film Corp. to use the name and logos of the popular television series M*A*S*H in marketing its “M*A*S*H Vodka”. To get the full benefit of the “tie-in” with the show, the distiller devised a rather special marketing technique: it packages its clearly labeled domestic vodka in the form of an intravenous (IV) feeding device. Sold together with the liquor is a metal contrivance permitting hookup of the bottle in the inverted position above the patient’s head so familiar to experienced viewers of General Hospital and Marcus Welby, M.D. The liquid *506 can be drunk by placing the tube in the imbiber’s mouth. Presumably the gaiety of many a suburban rumpus room will be enhanced as the harried commuter drags himself inside the door of his home after a hard day at the office to obtain the dramatic resuscitation available from an oral “transfusion” of the vodka.
The whimsical features of the promotion, however, were entirely lost upon respondent SLA when petitioner applied to register its Hawkeye brand for sale in New York State. The SLA found that “the proposed label and bottling is misleading, deceptive, offensive to the commonly and generally accepted standards of fitness and good taste, is not dignified * * * approval would not be conducive to proper regulation and control”.
The decision of the authority cannot be upheld on the ground that the label of the product is misleading (cf. Gibson Wine Co. v Snyder, 95 F Supp 145, affd 194 F2d 329; State ex rel. American Distilling Co. v Patterson, 133 Conn 345). The court has inspected the bottle produced in open court and finds that it unmistakeably labels the contents as 80-proof vodka manufactured in Skokie, Illinois. No rational person could believe that a serious medicinal application of the product was intended, certainly no more so than a buyer who might be induced to purchase an alcoholic beverage known as “Dr. Funk” or “MD 20/20”. (both of which are distributed in New York) in the supposed belief that a medically or opthalmologically beneficial result might ensue. Once it appears that neither the bottle nor its label are misleading, the authority’s writ runs no farther, certainly not so far as to empower it to reject a bottle (as opposed to a label) simply on the ground that it offends good taste.
Although the problem has not arisen in this form before in New York, a New Jersey decision under a similar regulatory scheme points to the correct result. In Boller Beverages v Davis (38 NJ 138), the director of the New Jersey Alcoholic Beverage Control Authority had refused to sanction the sale of “Georgia Moon Corn Whiskey” in what appeared to be an ordinary home canning Mason jar. This determination rested in part upon lack of good taste. The court held that in the absence of any legislative *507 mandate empowering the director to approve of bottling as such, his ruling could not be sustained simply as a matter of aesthetics. Although some jurisdictions empower their liquor authorities to regulate bottling (cf. Virginia Alcoholic Beverage Control Regulations, § 13, subd [f]), New York (like New Jersey) is pointedly not one of them.
It further appears that 39 other States, including some who are the exclusive purveyors, have approved the product for distribution (which surely says something, either praiseworthy or deplorable, about the good taste of this product). Be that as it may, this is a case for application of the maxim: “de gustibus non disputandum”. One of the prized qualities of vodka is its tastelessness. Insofar as good taste may be relevant at all, it is worth recalling that the last public official who held the undisputed title of “Arbiter Elegantiae” (supreme judge of taste) was Gaius Petronius. He worked for the Emperor Nero. Both came to a bad end.
It follows that the decision of the SLA is found to be arbitrary and capricious, and that if the ruling is defended as discretionary, such discretion was exercised in an area where the authority has no jurisdiction to act. Its determination must be annulled (Matter of Swalbach v State Liq. Auth., 7 NY2d 518).
Let petitioner settle a judgment in its favor accordingly.